UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

ISAIAS CRISOSTOMO AQUINO,

               Plaintiff,           **MEMORANDUM & ORDER**
                                   26-CV-4910 (EK)
           -against-

MARKWAYNE MULLIN, in his official
capacity as Secretary, U.S. Department
of Homeland Security, et al.,

               Defendants.

------------------------------------x
ERIC KOMITEE, United States District Judge:

      Isaias Crisostomo Aquino petitions for a writ of
habeas corpus pursuant to 28 U.S.C. § 2241. He was arrested by
U.S. Immigration and Customs Enforcement on May 20, 2026, and is
currently being detained pursuant to 8 U.S.C. § 1226(a) at the
Metropolitan Detention Center in Brooklyn. Pet. ¶¶ 7, 23, ECF
No. 1. Petitioner requests a "burden-shifted" bond hearing
before this Court or "another neutral adjudicator" — meaning one
at which the government is required to show, by clear and
convincing evidence, that petitioner presents a risk either of
flight or danger to the community. *Id.* ¶ 2. He argues that
(1) it is unconstitutional to place the burden of proof on the
alien detainee at their initial Section 1226(a) bond hearing,
*id.* ¶ 4; and (2) in any case, his detention of nearly three
months will become "unconstitutionally prolonged" if he does not

receive a burden-shifted hearing now.  *Id.* ¶ 5 (citing *Velasco Lopez v. Decker*, 978 F.3d 842, 855–57 (2d Cir. 2020)).[1]

Petitioner has not established that he is entitled to relief.  In *Velasco Lopez*, the Second Circuit ordered a burden-shifted hearing for an alien who had been detained pursuant to Section 1226(a) for fifteen months with no deportation date in sight.  978 F.3d at 855.  The Circuit declined to "establish a bright-line rule for when due process entitles an individual detained under § 1226(a) to a new bond hearing with a shifted burden."  *Id.* at 855 n.13.  Instead, the Court held that fifteen months was too long, "[o]n any calculus."  *Id.*  In particular, the court noted that "noncitizens who have been ordered removed for having committed serious criminal offenses or having a long criminal history cannot be detained indefinitely, and a presumptively constitutional period of detention does not exceed six months."  *Id.* at 855 n.13 (citing *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)).[2]

Petitioner has been held for less than three months —

---

[1] Note that petitioner appears to have never requested a bond hearing before an immigration judge in the first instance.  Instead, he argues that he is not required to exhaust the available administrative remedies because "the agency cannot address the constitutional claims Petitioner raises here."  Pet. 15-19.  We need not reach the exhaustion issue because petitioner is not entitled to relief in any case.

[2] The Supreme Court recently granted certiorari on the question of whether *Velasco-Lopez* and its progeny were correctly decided.  *See Genalo v. Black*, No. 25-886, 2026 WL 1718025, at *1 (U.S. June 15, 2026).

within the presumptively constitutional period contemplated in *Zadvydas*.  And, in the absence of binding authority to the contrary, we decline to follow those district courts that have held that the Due Process Clause requires the burden to be on the government at any Section 1226(a) bond hearing, no matter the length of an alien's detention.  *See* Pet. ¶ 30 (collecting cases).  *Velasco Lopez* implies the opposite.  *See* 978 F.3d at 855 & n.13 (approving of district court's order of a "new hearing," after "that balance [of equities] shifted" when detention became "unduly prolonged").

Crisostomo Aquino's petition for a writ of habeas corpus is denied.  The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

      /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   August 13, 2026
         Brooklyn, New York